**GREENBERG TRAURIG, LLP**
Robert A. Horowitz (RH-2814)
200 Park Avenue
New York, New York 10166
Tel. (212) 801-9200
Fax. (212) 801-6400
Email horowitzr@gtlaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOBILE LIFESTYLES, INC., a Florida corporation, JOSEPH SANTILLI, an individual, and JONATHAN SLAGER, an individual,<br>　　　　　　　　　Plaintiffs,<br>vs.<br>MOBILE ENTERTAINMENT, INC. a Delaware corporation; LAVALIFE, INC. a Delaware corporation,<br>　　　　　　　　　Defendants. | Civil Action No. 08 CV 1559 (RWS)<br><br>**ANSWER** |

　　　　Defendants Mobile Entertainment, Inc. ("MEI") and Lavalife, Inc. ("Lavalife") (collectively "Defendants"), by their attorneys, Greenberg Traurig, LLP, as and for their Answer to the Complaint ("Complaint") of Plaintiffs Mobile Lifestyles, Inc., Joseph Santilli, and Jonathan Slager (collectively "Plaintiffs") respectfully allege as follows:

　　　　1.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

　　　　2.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

　　　　3.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.Admits the allegations contained in paragraph 4 of the Complaint.

5.Admits the allegations contained in paragraph 5 of the Complaint.

6.Admits the allegations contained in paragraph 6 of the Complaint.

7.Admits the allegations contained in paragraph 7 of the Complaint except notes that the proper name is Vertrue Incorporated, not Vertrue, Inc.

8.Admits the allegations contained in paragraph 8 of the Complaint.

9.Admits the allegations contained in paragraph 9 of the Complaint.

10.Admits the allegations contained in paragraph 10 of the Complaint.

11.Admits that the parties have consented to the jurisdiction of the Court but denies that Defendants have breached the Asset Purchase Agreement.

12.Admits the allegations contained in paragraph 12 of the Complaint.

13.Admits the allegations contained in paragraph 13 of the Complaint.

14.Admits the allegations contained in paragraph 14 of the Complaint.

15.Denies the allegations contained in Paragraph 15 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

16.Denies the allegations contained in paragraph 16 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

17.Denies the allegations contained in paragraph 17 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

18.Denies the allegations contained in paragraph 18 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

19.Denies the allegations contained in paragraph 19 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

20. Denies the allegations contained in paragraph 20 of the Complaint except admits that there were discussions concerning the Contingent Consideration Payments.

21. Denies the allegations in paragraph 21 of the Complaint except admits that MEI made one Contingent Consideration Payment.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint and respectfully refers to the Asset Purchase Agreements and Escrow Agreement for the terms thereof.

26. Admits that the Escrow Agreement was executed at closing and respectfully refers to the Asset Purchase Agreements and Escrow Agreement for the terms thereof.

27. Denies the allegations contained in paragraph 27 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

28. Denies the allegations contained in paragraph 28 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

29. Denies the allegations contained in paragraph 29 of the Complaint and respectfully refers to the letters dated January 25, 2008 and December 21, 2007, for the terms thereof.

30. Denies the allegations contained in paragraph 30 of the Complaint and respectfully refers to the letter dated January 28, 2008, for the terms thereof.

31. Denies the allegations contained in paragraph 31 of the Complaint and respectfully refers to the letter dated January 30, 2008, for the terms thereof.

32. Denies the allegations contained in paragraph 32 of the Complaint and respectfully refers to the letter dated January 31, 2008, for the terms thereof.

33. Admits that Plaintiffs' claim with respect to the escrowed funds is subject to arbitration, and otherwise denies the allegations contained in paragraph 33 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

34. Admits the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

37. Denies the allegations contained in paragraph 37 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

38. Denies the allegations contained in paragraph 38 of the Complaint and respectfully refers to the Asset Purchase Agreements for the terms thereof.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Defendant MEI)

39. Defendants repeat and reallege their responses to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Interference with Contract against Defendant Lavalife)

44. Defendants repeat and reallege their responses to paragraphs 1 through 43 of the Complaint s if fully set forth herein.

45. Admits that Plaintiffs were parties to valid agreements with MEI and denies the remaining allegations in Paragraph 45 of the Complaint.

46. Admits that Lavalife knew of the existence of the Asset Purchase Agreements between Plaintiffs and MEI and denies the remaining allegations in Paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

51. Defendants repeat and reallege their responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

52. Admits that Plaintiffs have filed a demand for arbitration with respect to the escrowed funds and otherwise denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Request For An Accounting)

57. Defendants repeat and reallege their responses to paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Denies the allegations in paragraph 58 of the Complaint and refers to the Complaint for the terms thereof.

59. Denies the allegations in paragraph 59 of the Complaint and refers to the Complaint for the terms thereof.

60. Denies the allegations in paragraph 60 of the Complaint and refers to the Complaint for the terms thereof.

61. Admits the allegations in paragraph 61 of the Complaint.

62. Denies the allegations in paragraph 62 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

63. Each of Plaintiffs' claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

64. Plaintiffs' claim for a declaratory judgment is not ripe and should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

65.  Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and unclean hands.

Dated:  New York, New York
        July 7, 2008

GREENBERG TRAURIG, LLP

By: _____
    Robert A. Horowitz  (RH-2814)
200 Park Avenue
New York, New York 10166
Tel.  (212) 801-9200
Fax  (212) 801-6400
horowitzr@gtlaw.com

*Attorneys for Defendants*

To:  SNELL & WILMER, L.L.P.
     15 West South Temple
     Suite 1200
     Beneficial Tower
     Salt Lake City, Utah  84101
     *Attorneys for Plaintiff*

     HERZFELD & RUBIN, P.C.
     40 Wall Street
     New York, New York  10005
     *Attorneys for Plaintiff*

## CERTIFICATION OF SERVICE

I, Robert A. Horowitz, counsel for Defendant Mobil Entertainment, Inc., served a copy of the annexed Answer by email transmission and by first class mail, postage prepaid on July 7, 2008, upon the following counsel of record:

Bryon J. Benevento, Esq.
Snell & Wilmer, L.L.P.
15 West South Temple
Suite 1200
Beneficial Tower
Salt Lake City, Utah 84101
bbenevento@swlaw.com
*Attorneys for Plaintiff*

Homer B. Ramsey
Herzfeld & Rubin, P.C.
40 Wall Street
New York, New York 10005
hramsey@herzfeld-rubin.com
*Attorneys for Plaintiff*

_____
Robert A. Horowitz